UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Citizens United, and Citizens United Foundation, <br><br> Plaintiffs, <br><br> vs. <br><br> Eric Schneiderman, in his official capacity as New York Attorney General, <br><br> Defendant. | Case No. 1:14-cv-03703-SHS <br><br><br> Judge Sidney H. Stein <br><br><br> MOTION FOR PRELIMINARY INJUNCTION |

## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiffs Citizens United and Citizens United Foundation hereby move for a preliminary injunction, without bond, to enjoin application and enforcement of N.Y. Exec. Law §§ 172-b(5), 177(2)(a) and N.Y. Codes R. & Regs. tit. 13 § 91.5(c)(3)(i)(a), as interpreted by the Attorney General and his Charities Bureau to require the annual filing of Schedule B of IRS Form 990.  New York law permits the Attorney General to revoke, suspend, or deny registration of Plaintiffs — and thus completely ban them from soliciting in New York — absent compliance with the Attorney General's current interpretation of the regulation.  N.Y. Exec. Law § 177(2)(a).  The Attorney General may also assess civil penalties of $1,000 per violation and up to $100 per day for noncompliance.  *Id.* § 177(2)(b).

The challenged provisions of New York law violate the First and Fourteenth Amendments to the United States Constitution by (1) banning all solicitation absent disclosure to the Attorney General of Schedule B despite the Attorney General's failure to justify the need for such disclosure and (2) failing to give fair notice of the Attorney General's change in enforcement policy of a

1

4828-8272-7702.1.

regulation that has not changed since 2006. Further, the Attorney General's new disclosure policy is preempted by federal law and violates the New York State Administrative Procedure Act. An injunction will not harm Defendants or the public interest.

Plaintiffs also respectfully request that the bond requirement of Federal Rule of Civil Procedure 65(c) be waived. Federal Rule of Civil Procedure 65(c) provides that no preliminary injunction shall issue without the giving of security by the applicant in an amount determined by the court. However, "[i]t is within the Court's discretion to waive Rule 65(c)'s security requirement where it finds such a waiver to be appropriate in the circumstances." *Cobell v. Norton*, 225 F.R.D. 41, 50 n.4 (D.D.C. 2004). In non-commercial cases, courts often waive the bond requirement where the likelihood of harm to the non-moving party is slight and the bond requirements would impose a significant burden on the moving party. *See, e.g., Temple Univ. v. White*, 941 F.2d 201, 219 (3d Cir. 1991). Here, both plaintiffs are nonprofit organizations. Moreover, cases raising constitutional issues are particularly appropriate for a waiver of the bond requirement. *See Odgen v. Marendt*, 264 F. Supp.2d 785, 795 (S.D. Ind. 2003); *Smith v. Bd. of Election Comm'rs*, 591 F. Supp. 70, 71 (N.D. Ill. 1984). Accordingly, Plaintiffs respectfully request that this Court waive the bond requirement in the event that the motion for preliminary injunction is granted.

In support of its Motion, Plaintiffs rely on their Complaint, the Memorandum in Support being filed contemporaneously herewith, and Exhibits accompanying that Complaint and Memorandum.

Dated:  June 16, 2014　　　　　　　　　Respectfully submitted.

JONES DAY

/s/ Todd. R. Geremia

Donald F. McGahn (*pro hac vice application pending*)
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Facsimile: (202) 626-1700

Todd R. Geremia
Jones Day
222 E. 41st Street
New York, NY 10017
Phone: (212) 326-3939
Facsimile: (212) 755-7306

Michael Boos (*Of counsel, pro hac vice application pending*)
General Counsel
Citizens United & Citizens United Foundation
1006 Pennsylvania Ave., S.E.
Washington, DC 20003
Phone: (202) 547-5240
Facsimile: (202) 547-5421