

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
Attorney General

KENT T. STAUFFER
Executive Deputy Attorney General
Division of State Counsel

Writer's Direct Dial: (212) 416-8656

LISA R. DELL
Assistant Attorney General in Charge
Litigation Bureau

April 28, 2016

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

          RE: <u>Citizens United v. Schneiderman</u>, No. 14-cv-3703 (SHS)

Your Honor:

      I write on behalf of Defendant Eric T. Schneiderman, New York State Attorney General (the "Attorney General") in response to Plaintiffs' letter, dated April 26, 2016, <u>see</u> ECF No. 67. That letter discusses the recent decision from the Central District of California granting judgment in favor of Americans for Prosperity Foundation ("AFP") on AFP's as-applied First Amendment challenge to California's Schedule B requirement. <u>See</u> <u>Am. for Prosperity Found. v. Harris</u>, No. 14-cv-9448, 2016 U.S. Dist. LEXIS 53679 (C.D. Cal. April 21, 2016). Citing the factual findings made by the <u>AFP</u> court concerning California's practices and policies in the use and handling of Schedules B, and evidence adduced at that trial supporting AFP's well-pled allegations that its members faced death threats, protests and boycotts, Plaintiffs argue that this Court should deny this Attorney General's pending motion. Plaintiffs' reliance on <u>AFP</u> is misplaced.

      Fundamentally, the <u>AFP</u> decision does nothing to cure Plaintiffs' pleading deficiencies in this case. Indeed, the very nature of an as-applied First Amendment claim is that it must succeed or fail based on the facts alleged in pleadings (and later proven at trial) that are specific to the particular plaintiff. But the <u>AFP</u> court's conclusion was based on evidence of the "systematic[] fail[ure] to maintain the confidentiality of Schedule[s] B" of a different state (California), <u>id.</u> at *15, and specific threats of harm and harassment to donors of a different charitable organization (AFP), <u>id.</u> at *11-15. Here, Plaintiffs have not sufficiently pled the same or similar harms

flowing from New York's Schedule B requirement, nor have they alleged any factual basis to contend that this Attorney General's handling of Schedules B suffers from similar lapses in confidentiality upon which the AFP court grounded its decision. See Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 11-16; Def.'s Reply at 6-8; see also 13 NYCRR §§ 96.1, 96.2 (New York's regulation exempting Schedules B from public inspection). In sum, as fully briefed in the Attorney General's moving and reply papers, Plaintiffs' amended pleading does not contain the factual basis necessary to support their conclusory generalization that the provision of Plaintiffs' Schedules B to the Attorney General will impermissibly burden their First Amendment rights. See Def.'s Mem. at 11-16; Def.'s Reply at 6-8. Because the AFP decision cannot save Plaintiffs' deficient pleading, it thus provides no support whatsoever for allowing the instant lawsuit to proceed.[1]

Furthermore, the AFP decision is of no assistance to Plaintiffs because it was based on legal standards readily distinguishable from those applicable in this case. Notably, the AFP court found California's Schedule B requirement to be unconstitutional because it was not narrowly-tailored to a compelling governmental interest. See AFP, 2016 U.S. Dist. LEXIS 53679, at *7-10 (acknowledging Ninth Circuit's ruling that narrow-tailoring was not required but nevertheless appearing to apply the same). But, as this Court (and the Ninth Circuit) has already held, such is not the correct legal standard by which to evaluate the reporting requirement at issue in this case. See Citizens United v. Schneiderman, 115 F. Supp. 3d 457, 463 & n.2 (S.D.N.Y. 2015); AFP v. Harris, 809 F.3d 536, 541 (9th Cir. 2015). Moreover, insofar as the AFP court held that California cannot constitutionally demand that AFP file its Schedule B because California "does not use the Schedule B in its day-to-day business," AFP, 2016 U.S. Dist. LEXIS 53679, at *6, the Attorney General respectfully disagrees that daily use is the appropriate yardstick for determining whether the requisite "substantially related" standard is satisfied. See Def.'s Reply at 6 & n.2. Rather, under relevant Second Circuit authority, the "substantially related" requirement is met so long as the information sought is "likely to be able to supply information to help the government determine whether illegal conduct had occurred." Id. at 6 (quoting In re Grand Jury Proceedings, 776 F.2d 1099, 1103 (2d Cir. 1985)). Accordingly, the AFP decision has no bearing on the issues before this Court.

For the reasons set forth in the papers in support of his pending motion, the Attorney General respectfully renews his request that the Court grant his motion and dismiss the First Amended Complaint in its entirety.

Very truly yours,
s/
Linda Fang
Assistant Attorney General

cc:    Counsel for Plaintiffs (via ECF)

---

[1] Additionally, as demonstrated in the Attorney General's motion papers, Plaintiffs' remaining claims—seeking to invalidate New York's Schedule B requirement based on due process, preemption, the State Administrative Procedure Act, *ultra vires*, and on facial First Amendment grounds—all fail as matters of settled law.